CLYDE B. DeLAPP, Respondent, v. JOHN H. VAN
CLOSTER, Appellant.

Kansas City Court of Appeals, March 29, 1909.

INNS AND INNKEEPERS: Liability for Valuables: Deposit: In-
struction. Plaintiff registered and took a room in defendant's
hotel for twenty-four hours on the European plan. This occurred
about 1 a. m. In the forenoon he deposited a sum of money
he had been carrying on his person for some time, with the
clerk and took a check as evidence thereof. At 6 p. m. he
surrendered his key and left the hotel. The custom of the
hotel was at 7:30 p. m. to examine the drawer where the
clerk placed the deposits of valuables and place them in
the safe where they were kept under lock and key. In about
three weeks plaintiff demanded his money of defendant and it
could not be found. *Held:*

(1) ⟨Plaintiff was a guest of the inn at the time of making
the deposit, since he had resorted there for the purpose of
obtaining its accommodations.

(2) That he ceased to be such guest upon returning the
key and not at the end of the twenty-four hours. ⟩

(3) An instruction holding the contrary doctrine is con-
demned.

(4) That the deposit was made for its security until call-
ed for and not during the continuance of his guestship at the
hotel.

Appeal from Jackson Circuit Court.—*Hon. James H.
Slover,* Judge.

REVERSED.

*Meservey & German* and *Cameron L. Orr* for ap-
pellant.

(1) The trial court erred in refusing to give de-
fendant's instruction in the nature of a demurrer to
plaintiff's evidence at the close of plaintiff's case. (2)
In giving to the jury plaintiff's instructions 1, 2, 3, 4,
5, and 6, and each of them. Bunn v. Johnson, 77 Mo.
App. 596; Overstreet v. Moser, 88 Mo. App. 79. (3)
In order for a guest to hold an innkeeper responsible

as the insurer of his property, it must appear that the loss occurred while the relationship of guest and host continued. Hotel Co. v. Wyatt, 4 N. E. 398; Grinnell v. Cook, 3 Hill 489. (4) The innkeeper like a common carrier is only liable for the usual, ordinary baggage of its patron. Anything in excess of that amount is not protected by the strict rule of the common law making the innkeeper responsible for its safety. Hale on Bailments, pp. 285, 286; Wandell on Inns, p. 96; Giles v. Fauntleroy, 13 Md. 126; Wilkins v. Earle, 44 N. Y. 172; McGill v. Rowand, 3 Pa. St. 451; Nevins v. Bay State S. B. C. Co., 4 Bosw. 589; Hawkins v. Hoffman, 6 Hill 586; Sosseen v. Clark, 37 Ga. 242; Railway v. Hammond, 33 Ind. 379; Railway v. Kennedy, 41 Miss. 471; Hudston v. Railway, 4 Q. B. 366; Pardee v. Drew, 25 Wend. 459; Phelps v. Railway, 19 C. B. & S. 321; Railway v. Keys, 9 Ho. Lord Cases, 556; Brutz v. Railway, 32 U. C. C. D. 66; Jones on Bailments, 303; Edwards on Bailments, 414; Triber v. Burrows, 27 Md. 130; Pettigrew v. Barnum, 11 Md. 434; Bank v. Brown, 9 Wend. 117; Story on Bailments, sec. 489.

*Ward, Hadley & Neel* for respondent.

(1) The innkeeper is liable, as an insurer to his guest, for loss, theft or destruction of valuables left for safe keeping with the innkeeper while the relation of guest exists, except for the act of God, the public enemy or the negligence of the guest himself. Batterson v. Vogel, 10 Mo. App. 235; 16 Am. and Eng. Ency. of Law, p. 527; Wandell on Inns (1888), p. 157; Mateer v. Brown, 1 Cal. 221; Losseen v. Clark, 37 Ga. 242; Shaw v. Bessey, 31 Me. 478; Norcross v. Norcross, 53 Me. 163. (2) To be a guest one need not come from a distant place, but may be a townsman. Wandell on Inns, p. 56; Curtis v. Murphy, 63 Wis. 6; Walling v. Potter, 35 Conn. 183. (3) But for baggage of the guest the innkeeper is liable as an insurer, and a rea-

sonable amount of valuables or money may be carried as baggage, and the innkeeper is liable. Pettegrew v. Bowman, 11 Md. 434; Bank v. Brown, 9 Wend. 117. (4) Plaintiff's instruction 3 was properly given, and it does not invade the province of a jury, nor is it a comment on the evidence. Dunn v. Henly, 24 Mo. App. 579; State v. Seal, 47 Mo. App. 603; Lessor v. Bookhoff, 33 Mo. App. 223; Steinwender v. Creath, 44 Mo. App. 356; Bunn v. Johnson, 77 Mo. App. 599. (5) The innkeeper is liable whether the deposit be made with him or his agent, and is liable for his agents' negligence or theft. 16 Am. and Eng. Ency. of Law, p. 527; Wandell on Inns, p. 112; Labold v. Hotel Co., 54 Mo. App. 567; Buckee v. Brobaseo, 58 Mo. App. 51. (6) The temporary absence from the hotel of a guest for a meal or other reason does not destroy the landlord's liability. Wandell on Inns, pp. 73-4; Hale on Bailments, p. 297; Grinnell v. Cook, 3 Hill (N. Y.) 484; McDaniel v. Robinson, 26 Vt. 316.

BROADDUS, P. J.—This is an action based upon the defendant's liability as an innkeeper. The plaintiff was a bartender in Kansas City, but was unemployed at the time of the occurrence in question. He was a married man and was living in said city. About June 10, 1907, his wife went on a visit to Indiana and during a part of the time of her absence plaintiff stayed at night at what was known as the Centropolis Hotel and took most of his meals there. The defendant was the lessee and proprietor of said hotel, which was conducted upon both the American and European plans. That is to say, a person stopping at the hotel could do so at so much per day for a room and meals, which is what is called the American plan; but he could also be accommodated, if he chose, by paying for a room and buying his meals at the hotel or elsewhere, to suit his taste and convenience, which is what is called the European plan.

The plaintiff had to his credit in a bank in the city about $1,500, from which he had withdrawn $580 about the 8th or 10th of June, and carried the same upon his person until the 17th of June. It appears that he had withdrawn this money for use on a visit he contemplated making his wife in Indiana. About one o'clock on the night of the 16th day of June, he registered at defendant's hotel, paid fifty cents, and was assigned to a room, which he took possession of and occupied until about eight o'clock in the morning of June 17th, when his brother came to the hotel and went up to his room and awakened him. In about one hour, they came down, when the plaintiff went to a desk in defendant's hotel and asked a clerk of the defendant to hand him an envelope, and, when same had been furnished, he took $540 in bills from his pocket and placed in it and handed it to the clerk for safe-keeping. The clerk in return gave him a slip of paper on which were written the figures and words, "6-17-07, Delapp," and placed the package in the drawer of the desk which had a lock. Plaintiff and his brother at once left the hotel and went out and took breakfast at the Saratoga Restaurant. In the afternoon, plaintiff returned to the hotel and slept in his room for a few hours, but he did not stay at the hotel on the night of that day. Plaintiff stated, "I thought I might use the room the next night, but I did not stay at the hotel the next night. I surrendered the key to that room at suppertime—at six o'clock." About three weeks afterwards when he got ready to use the money on his contemplated trip to Indiana, he applied for his money and it was not to be found.

At the time plaintiff made the deposit of the money a clerk of the defendant by the name of Williams was on duty and was the person who received the package and gave in return the slip of writing mentioned. It was shown that plaintiff asked Williams to put the package in the safe kept for the security of

money and other valuables, but that Williams replied that he did not have the key, that defendant had it; and that plaintiff met defendant in the hotel and called his attention to the matter and he said that he would see to it himself. It was the custom of the hotel at about 7:30 o'clock p. m. each day to have the desk examined and packages found in it taken out and placed in the safe. Defendant had no personal recollection of the matter and Williams but little. He barely remembered the occurrence and was unable to make any definite statement. The inference to be derived from the circumstances is that the money was stolen some time before the hour of 7:30 in the evening, the usual time for an examination of the desk for valuables to be placed in the safe. In fact, defendant testified that it must have disappeared between the two periods, otherwise it would have been discovered when the desk was searched for valuables and have been placed in the safe.

The judgment was for the plaintiff and the defendant appealed. The attorneys of the respective parties have argued the cause with much ability and at great length, but, as we view it, there seems to be but two main questions for our determination. It must be conceded as a preliminary, that the law is that an innkeeper is liable for the loss of valuables left in his charge by his guest for safe-keeping while the relation of innkeeper and guest continues.

The first question is, was the plaintiff at the time he made the deposit of his money a guest of defendant's hotel. The St. Louis Court of Appeals defines a guest as follows, "A guest is a transient person, who resorts to, and is received at, an inn for the purpose of obtaining the accommodations which it purports to afford." [Overstreet v. Moser, 88 Mo. App. 72.] In some instances, a guest is defined as a traveler or wayfarer. "Anyone away from home receiving the accommodations of an inn as a traveler is a guest, and enti-

tled to hold the innkeeper responsible as such. A guest is a traveler or transient comer who puts up at an inn for a lawful purpose to receive its customary lodging and entertainment." [Words and Phrases.] "A guest is a traveler or wayfarer who puts up at an inn. It was said that it was not now deemed essential that a person should have come from a distance to constitute a guest. A leading case holds that distance is not material and that a townsman or neighbor may be a traveler and therefore a guest as well as he who came from a distance or from a foreign country." [Curtis v. Murphy, 63 Wis. 4.]

From the foregoing, we believe the rule as stated in Overstreet v. Moser, supra, is a proper definition of what it takes to constitute a guest, and that the testimony shows that the plaintiff was a guest of the defendant's hotel when he registered and paid for his lodging, and we think it immaterial whether he became such upon the American or European custom.

It is reasonably clear that when the plaintiff surrendered the key to his room at six o'clock p. m. of June 17th and left without returning he ceased to be a guest of the inn. The fact that he had paid for his room for twenty-four hours, which would carry the time up to midnight, is of no significance in determining the question of whether he was a guest of the inn, if before the expiration of that time he had left the inn without any intention of returning to it. The fact that he did not intend to return and did not in fact do so, it seems to us, is conclusive on that question. Therefore, instruction numbered III, given for plantiff, to the effect that he continued to be a guest of the inn until the time expired for which he had paid for the accommodation of the hotel, was erroneous and misleading, as the jury might well have concluded from the language used that he was to be considered a guest for so long as he had paid for the use of the room. We cannot conceive how one could be considered the guest of an inn with-

out being an inmate at the time or temporarily absent intending to return. The vice of the instruction is glaring when we come to consider that the evidence shows that the money must have disappeared between the time of its deposit with the clerk and 7:30 o'clock p. m. of the day. As plaintiff discontinued his relation as guest at six o'clock p. m. and if the money was taken after that time and between 7:30 o'clock and that time, defendant would not be liable for the loss as the plaintiff would not be his guest. And, as it would be a matter of conjecture as to what time the money did disappear, whether before or after six o'clock p. m., the plaintiff was not entitled to go to the jury notwithstanding the instruction had been properly framed.

We are persuaded that the plaintiff as a matter of fact did not make the deposit for its security while he might be defendant's guest, but that he deposited it on call or until he should be ready to make his visit to Indiana. The evidence seems to be conclusive on this phase of the case. He had been carrying the money around on his person for about a week previous, had it with him when he went to bed on the night of June 16, deposited it on the following morning and made no inquiry or call for it until three weeks afterward. A man under such circumstances would not likely have made the deposit as a matter of security while a guest of the inn.

Viewing the case in all its aspects, we fell compelled to hold that the plaintiff was not entitled to recover. All concur.