ROBERT S. McKEEVER, Respondent, v. ARTHUR KRAMER, Doing Business as BURLINGTON HOTEL, Appellant.

St. Lous Court of Appeals.    Opinion Filed January 6, 1920.

1. **INNS AND INNKEEPERS:** Liability of Inkeeper to Departing Guests for Property Left: Gratutitous Bailee. When the relation of innkeeper and guest had been terminated by the guest giving up his room and paying his bill, the mere expectation of the guest thereafter to return and become a guest is not sufficient to support the continuation of the relation of innkeeper and guest, and for goods left in the inn the innkeeper could be liable only as a gratutitous bailee.

2. **BAILMENTS:** Negligence: Burden of Proof on Bailor to Plead and Prove Negligence as Cause of Loss or Injury. The gist of a cause of action of bailor against bailee is negligence, and the burden rests on the bailor to plead and prove negligence as the cause of the loss or injury, and this burden rests on the plaintiff to the end of the case.

3. ——: ——: Proof of Bailment and Faiure to Return Property On Demand Makes Prima-Facie Case: Burden of Proof Shifting. A bailor makes out a prima-facie case of negligence against the bailee by proof of the bailment and of the failure of the bailee to return the property on demand, the bailee then having the burden to account for the loss of the goods, and to show that the loss was occasioned by some act such as theft, fire, etc., in which event prima facie ·this is an exoneration, and it is not his duty further to prove affirmatively that he was guilty of no negligence, the burden of showing that there was negligence on the part of the bailee is then upon the bailor.

4. INNS AND INNKEEPERS: Liability of Innkeeper to Departing Guests for Property Left: Night Clerk Without Authority to make Contract Beyond Duties. A guest leaving an inn has no right to assume that the innkeeper's night-clerk had any authority to make a contract binding the innkeeper, except it be within his duties as such night-clerk, and which contract pertained to the relation of the innkeeper and guest.

5. ——: ——: Gratuitous Bailee: Responsible for Gross Negligence Only. The duty of an innkeeper with respect to effects left in his custody by one who has ceased to be a guest is, after the expiration of a reasonable time for the removal of such effects, only that of a gratuitous bailee, responsible only for gross negligence.

6. ——: ——: Night Clerk Without Authority to Accept Money for Safekeeping: Innkeeper not Liable. Where there is a failure of proof to establish the fact that an innkeeper's night-clerk had authority to accept from a departing guest a sum of money in an envelope for safekeeping, etc., or to act for the innkeeper in making the contract of bailment, *held* the innkeeper was not liable.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. Benjamin J. Klene,* Judge.

REVERSED.

*Durham & Durham* for appellant.

(1) The court erred in refusing to instruct the jury to find for the defendant. (a) Because there was a failure to prove a cause of action based upon the liability of an innkeeper for valuables of a guest lost while a guest. De Lapp v. VanCloster, 136 Mo. 475; 22 Cyc, 1088, citing Hays v. Turney, 23 Iowa, 214. (b) Because there was a

total failure to prove any authority in Fred Schmidt to bind defendant by the contract of bailment or deposit testified to by plaintiff. 31 Cyc, 1644; Knocke v. Whiteman, 86 Mo. App. 568; Hutchinson v. Donovan, 76 Mo. App. 391; Bunn v. Johnson, 77 Mo. App. 596. (2) The court erred in the instruction given to the jury of its own motion, being a modification of the instruction requested by plaintiff. (a) The form of the instruction is misleading, in that it commands a verdict for plaintiff upon incomplete elements of his case and by a mere proviso injects another element into the case. (b) The instruction fails to define to the jury the elements necessary to constitute one a guest on a temporary absence and submits to the jury a question of law, namely, the question of what constitutes a guest. Mfg. Co. v. Ball, 43 Mo. App. 509; Dry Goods Co. v. Schooley, 66 Mo. App. 415; Morton v. Heridom, 135 Mo. 617. (c) The evidence was conclusive that plaintiff was not a guest on a temporary absence, within the meaning of that term, while absent from the hotel from February 22 to March 5, yet the court submits the question to the jury. De Lapp v. VanCloster, 136 Mo. App. 475; 22 Cyc, 1088-89. (d) The instruction assumes, as a matter of law, that the agreement to keep the money was made in a representative capacity, which was an issue in the case. Crow v. Houch's Missouri, etc., 212 Mo. 589; 22 Cyc, 1079 (note 87). (e) The instruction attempts to submit to the jury a cause of action based upon the liability of an innkeeper for the valuables of his guest lost or converted while the relationship continued which was not within the issues raised by the pleadings, namely, the petition did not allege a loss or conversion during such relationship, necessary to such a cause of action. De Lapp v. VanCloster, 136 Mo. App. 475.

*Frank H. Fisse* for respondent.

(1) A depositor makes out a prima facie case against a gratuitous bailee when he shows a deposit made and a demand and refusal of the thing deposited.

The *onus* is then upon the depositary to exonerate himself from the liability which attached when he assumed the custody of the article with which he was entrusted. He must either restore the thing bailed or account for his failure to return it. Wiser v. Chesley, 53 Mo. 547; Dixon v. McDonnell, 92 Mo. App. 479; Corbin v. Cleaning & Dyeing Co., 181 Mo. App. 151; Berger v. Storage & Commission Co., 136 Mo. App. 40, 41. (2) The clerk of the hotel was the agent of defendant and had authority to bind his principal under the facts and circumstances of this case. Buckle v. Probasco, 58 Mo. App. 49, 52; 2 Corpus Juris, 566; 22 Cyc, 1078. (3) The court's instruction was not error. Robert v. Rialto Building Co., 198 Mo. App. 121, 128.

BIGGS, C.—Judging from the petition, evidence and instructions, this cause appears to be a mixture of a suit against defendant on his liability as an innkeeper and a suit against him based on his liability as a gratuitous bailee of plaintiff's property.

The petition alleged that on the 21st day of February, 1916, defendant was an innkeeper, and as such kept a common inn for the entertainment of the public in the City of St. Louis, known as the Burlington Hotel; that on said date plaintiff was received by defendant in his said inn as a traveler and guest; that as a guest of the said hotel, plaintiff on said date deposited with defendant the sum of $375 for safe keeping, and that thereafter plaintiff demanded the money so deposited, but the defendant refused and still refuses to pay the same.

The answer was a general denial, and after trial there was a verdict and judgment for plaintiff for the full amount sued for, from which judgment the defendant has prosecuted an appeal to this court, making the contention that the lower court should have directed a verdict for the defendant, for the reason that there was a failure to prove a cause of action based upon the liability of an innkeeper and, in the event the plain-

tiff claims there was a liability upon the defendant's part as a gratuitous bailee, that there was a failure to prove the authority of Fred Schmidt, hotel clerk, to bind the defendant by the contract of bailment.

Inasmuch as the uncontradicted evidence shows that at the time the plaintiff's money and Fred Schmidt, the night clerk, disappeared, the plaintiff had ceased to be a guest at the hotel, the plaintiff concedes he has no cause of action based upon the liability of the defendant as an innkeeper, but asserts defendant is liable as bailee of plaintiff's property.

Plaintiff, a resident of Indiana, was a traveling timber inspector for the Vandalia railroad with headquarters at St. Louis. For a number of years he had traveled in and out of this city and while here usually stopped at the defendant's hotel. He had been in the habit of stopping there for a period of seven years and was acquainted with the defendant Kramer and also with his night clerk, Fred Schmidt, who had been employed as clerk of the hotel for several years. On February 21, 1916, the plaintiff arrived in the city between 8 and 9 o'clock in the evening, registered at the defendant's hotel, and was assigned a room. He had with him at the time $375 which he brought with him to St. Louis for the purpose of paying an obligation the next day. On arrival at the hotel he received letters which required him to leave early the next morning for Southeast Missouri. He thereupon put the $375 in an envelope and left it with Fred Schmidt, the night clerk of defendant's hotel, telling the clerk that he wanted to leave it there for a few days and that he would be back. Fred Schmidt took the envelope and deposited same in the hotel safe in the presence of the plaintiff. Plaintiff stayed at the hotel that night and in the morning he paid the customary charge for his room and departed, saying to Fred Schmidt as he left that he should tell Mr. Kramer about the money and that the plaintiff would be back in a few days and would need it. Plaintiff, however, did not return to St. Louis

until the 5th day of March, some twelve days later, when he then made demand upon Kramer for the money. At that time it appeared the money and also the night clerk had disappeared. Schmidt worked the night of the 22nd and also the 23rd, and then suddenly disappeared. When plaintiff had been the guest at the hotel on previous occasions he had been in the habit of leaving his money while a guest with defendant and also with Fred Schmidt, the clerk. Defendant did not know of the transaction until after the clerk left.

It is plain from this evidence that at the time the loss occurred the relation of innkeeper and guest had been terminated, as plaintiff had given up his room at the hotel, paid his bill and took his departure. When the relation of innkeeper and guest had been thus terminated by the plaintiff, the mere expectation of plaintiff to thereafter return and become a guest is not sufficient to support the continuation of the relation, and the plaintiff having settled his bill with the innkeeper, although he announced his intention to be absent only a few days, the relation of innkeeper and guest was ended, and for goods left in the inn the innkeeper could be liable only as a gratuitous bailee. [14 Ruling Case Law 553; DeLapp v. VanCloster, 136 Mo. App. 475, 118 S. W. 120.]

As heretofore stated, the plaintiff abandons his right to recover on the theory of defendant's liability as an innkeeper, and asserts that he established a case of liability against the defendant as a gratuitous bailee and made a prima-facie case when he proved that the money had been deposited with the defendant and that he thereafter demanded its return and the defendant had refused.

The gist of a cause of action of bailer against bailee is negligence, and the burden rests on the bailor to plead and prove negligence as the cause of the loss or injury, and this burden rests on the plaintiff to the end of the case. [Witting v. Railway, 101 Mo. l. c. 639, 14 S. W. 743; Stanard Milling Co. v. Transit Co., 122

Mo. l. c. 274, 26 S. W. 104.] However, in such cases plaintiff is at a disadvantage in obtaining information of the cause of the loss, and therefore the law considers that he makes out a prima-facie case of negligence by proof of the bailment and of the failure of the defendant to return the property on demand. [Berger v. Storage Company, 136 Mo. App. l. c. 40, 116 S. W. 444; Collier v. Storage Co., 147 Mo. App. l. c. 720, 127 S. W. 435.] However it does not follow that the bailee must affirmatively prove a negative to the effect that he was not guilty of negligence. Under such circumstances it is the duty of the defendant to account for the loss of the goods and to show that the loss was occasioned by some act such as theft fire, etc., in which event prima-facie this is an exoneration and it is not his duty to further prove affirmatively that he was guilty of no negligence. The plaintiff in such a case must then take up the burden of showing that there was negligence on the part of the defendant. [Levi v. Rairload, 157 Mo. App. 536, 138 S. W. 699; Berger v. Storage Co., supra.]

We may grant that plaintiff's petition is sufficient in form to base a recovery on the theory of gratuitous bailment in the absence of any allegation of negligence on the part of defendant, but this can only be done by virtue of the facts that the defendant filed a general denial and did not confess the bailment in his pleading and account for the loss of the property, and by virtue of the further fact that the case seems to have been tried on the theory of bailment or no bailment and the question of negligence was not involved.

Under the evidence the contract of bailment which the plaintiff attempted to prove was not made personally with the defendant, but was made through Fred Schmidt. It was admitted that Fred Schmidt was the night clerk of the hotel, but there was no evidence showing that Schmidt had authority to act for the defendant except about the business of keeping and operating the hotel. Schmidt was not defendant's general agent, nor could

you infer from the fact that he was night clerk of the hotel that he was thereby authorized to enter into the contract of bailment with the plaintiff, which contract was not within the scope of his authority as night clerk. The plaintiff attempted to make the defendant his banker and deposited his money with Fred Schmidt, night clerk of his hotel. Of course, Schmidt was duly authorized to receive the money from the plaintiff and on behalf of the defendant while the plaintiff was a guest. While the evidence showed that when the money was first left at the hotel with Fred Schmidt the plaintiff was a guest, this relation was terminated on the 22nd day of February, at which time the plaintiff left the hotel and told Fred Schmidt, the clerk, to tell the defendant that he would be back in a few days and would want his money. The evidence further shows that at the time the money was deposited with the clerk the plaintiff intended to leave the hotel next morning, and that his arrangement with the clerk was to take care of the money after the relation of innkeeper and guest was terminated, for he said to the clerk he wanted to leave it there for a few days. This possession of the clerk was not the possession of the defendant after the relation was terminated unless the clerk was authorized by the defendant to make such a contract, viz., one to bind the defendant as a gratuitous bailee.

The defendant was not in the banking business, but was in the hotel business and the plaintiff had no right to assume that defendant's night clerk had any authority to make a contract binding the defendant except it be within his duties as such night clerk and which contract pertained to the relation of innkeeper and guest. [Hutchinson v. Donovan, 76 Mo. App. 391.]

The duty of an innkeeper with respect to effects left in his custody by one who has ceased to be a guest is, after the expiration of a reasonable time for the removal of such effects, only that of a gratuitous bailee responsible only for gross negligence. [Adler v. Planters Hotel Co., 181 S. W. 1062 (St. Louis Court of

Appeals); Wear v. Gleason, 52 Ark. 364, 12 S. W. 756; O'Brien v. Vaill, 22 Fla. 627; Stewart v. Head, 70 Ga. 449; Hoffman v. Roessle, 81 N. Y. Supp. 291; Baehr v. Downey, 133 Mich. 163, 94 N. W. 750; Whitemore v. Haroldson 70 Tenn. 312.]

In the Whitemore case, supra, the innkeeper was held not liable where the relation of innkeeper and guest had ceased to exist and the innkeeper's employee stole plaintiff's property left at the hotel, where the innkeeper had no reason to suspect the fidelity of the employee. In this case the guest, upon leaving the hotel with the knowledge of the proprietor, left in the clerk's possession money that had been previously deposited with him, and the money was subsequently misappropriated by the clerk. It was held that the proprietor being a mere gratuitous bailee and responsible only for gross negligence after the owner had ceased to be a guest, was not liable.

In view of this failure of proof on the part of the plaintiff to establish the fact of Fred Schmidt's authority to act for the defendant in making the contract of bailment, we are of the opinion that the peremptory instruction to find for the defendant should have been given, and it is therefore recommended that the judgmet be reversed.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed. *Reynolds, P. J.,* and *Allen, J.,* concur. *Becker, J.,* concurs in the result.