JOHN W. WALTERS, APPELLANT, v. ADAMS TRANSFER & STORAGE COMPANY, A CORPORATION, RESPONDENT.—141 S. W. (2d) 205.

Kansas City Court of Appeals. February 19, 1940.

*Allan R. Browne* for appellant.

*Edward S. North* and *Robert S. Hogueland* for respondent.

CAMPBELL, C.—Plaintiff brought this suit to recover the value of a Dart Semi-Trailer leased by his assignor, Walters Truck Line, Inc., to the defendant, upon the theory the defendant was a bailee and negligently failed to return the trailer after return had been demanded.

On trial with a jury the plaintiff had a verdict and judgment for $1200. The defendant's motion for new trial was sustained on the ground the court erred in refusing defendant's request to have verdict directed for it. From that order the plaintiff has appealed.

The petition charged that the trailer, while in the possession and control of defendant, was destroyed in a manner unknown to plaintiff; that defendant failed to exercise ordinary care to return the trailer to plaintiff and has refused and failed to deliver the same or to pay its value to plaintiff, although return was demanded.

The answer alleged that on or about February 17, 1937, Walters Truck Line entered into a lease with defendant by the terms of which it leased to defendant the trailer described in the petition; denied the trailer was delivered by plaintiff to defendant; denied the trailer was in the sole possession and control of the defendant at the time it was destroyed; denied it was of the reasonable market value of $1600; and denied return of the trailer had been demanded by plaintiff.

The answer further charged the trailer was destroyed by fire of unknown origin; that at the time of said fire the trailer was in the possession and control of plaintiff, his servants or employees, or in the possession and control of the Walters Truck Line, its servants and employees.

The answer concluded with a general denial.

The reply charged that if the trailer were destroyed, as alleged in the answer, the destruction resulted from the failure of defendant to exercise due care.

The evidence for the plaintiff was to the effect that his assignor by contract in writing leased the trailer to the defendant for a period of one year from February 17, 1937; that the trailer was of the value $1600, and that plaintiff had no knowledge of the alleged destruction of the property.

As the answer charged the trailer was destroyed and therefore could not be returned, we need not concern ourselves with the question of demand for the return of the property.

R. L. Swinney, for the defendant, testified he and Alfred Harris drove a tractor which hauled the trailer from Kansas City to Chicago; that the "outfit" was serviced in Chicago and was in good condition; that on the return trip, and when some 75 miles out of Chicago, Harris called his attention to the fact smoke was emanating from the right back wheel or tires of the trailer; that thereupon he stopped, obtained a fire extinguisher, which he carried, and endeavored to extinguish the fire but was unable to do so, and in consequence the trailor was entirely destroyed. This witness further testified that he could not ascertain whether the smoke came from one or the other or both of the dual tires of the trailer because there was "so much smoke;" that if the trailer were operated for "so long a time on a concrete highway" with the dual tires flat, friction would cause the tires to burn; that if the dual tires became flat while traveling on a concrete highway, the condition would become known to him by the swaying of the trailer or by the noise "it makes;" that prior to the time he stopped there had been no indication of a flat tire. This witness further testified that after he got out of the truck he raised the wheel of the trailer with a jack, started to take a lug off the wheel, when the tires "busted out into flames."

The driver, Harris, died shortly before the trial.

The plaintiff's evidence shows the trailer was in good condition when it was delivered to the defendant; that, thereafter, the trailer was in the exclusive possession and control of defendant under a contract of bailment. The petition charged the trailer was destroyed in a manner to plaintiff unknown. The answer admitted the trailer was destroyed and alleged the destruction was due to fire of unknown origin.

The plaintiff claims these facts made a *prima facie* case under the *res ipsa loquitur* doctrine and entitled him to have the cause submitted to the jury, notwithstanding the evidence of the defendant was sufficient to support a finding that the loss was not due to its negligence. The petition charged general negligence. The evidence showed a bailment of the trailer; that the trailer, while in the exclusive possession and control of the defendant, was destroyed by fire. It has been decided that the *res ipsa loquitur* doctrine applies in a bailment case. [Freeman v. Foreman, 141 Mo. App. 359; Austin v. Simon, 204 S. W. 193; Hartford Mining Co. v. Tabor, 21 S. W. (2d) 207.]

When a plaintiff has made a case under the doctrine *res ipsa loquitur* the case must be submitted to the jury "notwithstanding the evidence (oral), however probative, given in rebuttal on behalf of defendant." [Evans v. Mo. Pac. Ry. Co., 116 S. W. (2d) 8.]

The defendant concedes plaintiff made a *prima facie* case, "But

when defendant showed by uncontradicted and unquestioned testimony that the trailer had been destroyed by fire, a common enemy, and such testimony contained nothing to indicate negligence on the part of defendant, defendant stood absolutely exonerated.''

In support of its contention defendant relies mainly upon the following .cases: American Brewing Ass'n v. Talbot, 141 Mo. 674, 42 S. W. 679; Levi & Company v. Missouri, Kansas & Texas Ry. Co., 157 Mo. App. 536, 138 S. W. 699; McKeever v. Kramer, 203 Mo. App. 269, 218 S. W. 403; Viviano v. Davis, 258 S. W. 69.

In the American Brewing Ass'n case the plaintiff sued to recover damages to property which it had delivered to defendant for storage, and which was damaged while in defendant's possession. The court said the loss was occasioned by ''what is known in law as the act of God.'' It seems the court arrived at that conclusion from the evidence of both plaintiff and defendant. The court then said that when plaintiff proved delivery of the goods for hire and ·failure to return after demand it made a *prima facie* case, but when defendant showed the damage resulted from the act of God the ''burden shifted'' to the plaintiff to show the defendant was negligent in taking care of and in failing to· remove the property to a place of safety. This holding is somewhat weakened by the rule, now well established, that the burden of proof never shifts.

In the Levi case the petition pleaded specific negligence and, of course, the burden was on plaintiff to prove the charge. However, there are statements in the opinion which support the contentions of the present defendant. Likewise, there are many statements in the McKeever case which lend support to the same theory. The closing paragraph of the opinion, however, shows it was unnecessary to discuss the rights and liabilities of a bailee for the reason the plaintiff failed to prove the alleged bailment.

The Viviano case cites and follows the American Brewing Ass'n case.

The question whether or not the doctrine of *res ipsa loquitur* applies to a bailment case is not discussed in any of these cases.

We conclude the case at bar is one for the application of the *res ipsa loquitur* doctrine. This doctrine ''does not apply except when (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant; (c) and the defendant possesses superior knowledge or means of information as to the cause of the occurrence.'' [McCloskey v. Koplar, 46 S. W. (2d) 557, 559.]

In the case of Harke v. Haase, 75 S. W. (2d) 1001, 1004, the Supreme Court said: ''In other words, in a *res ipsa loquitur* case the ultimate fact, some kind of negligence is inferred without any evidential facts except the unusual occurrence itself.''

The trailer was in the exclusive possession of the defendant; it knew or had opportunity to know the cause of the fire; the occurrence was such as does not ordinarily happen if those in charge use due care. Thus, a case was made for the jury. McCloskey case, *supra*; Harke case, *supra*.

The contention that defendant's evidence "contained nothing to indicate negligence" and therefore defendant "stood absolutely exonerated," is not consistent with the pleaded defense. The answer charged the trailer at the time it was destroyed was in the possession of the plaintiff or his assignor. Defendant may not say in one breath that it exercised due care in operating the trailer and in the next say the trailer was not in its possession.

The answer, apart from the admission the trailer was destroyed, was in legal effect a general denial. It has been held that the only defenses available to a defendant who pleads the general issue in a bailment case is that there was no bailment or redelivery of the property. [King v. Spitcaufsky, 28 S. W. (2d) 433, 435.]

Furthermore, we conclude defendant's evidence was not sufficient as a matter of law to "exonerate" defendant, even if such a defense was permissible under its answer. This court judicially knows the tires would not have bursted in flame unless they had been subjected to intense heat; and as there is no reason to believe the heat was engendered by any agency save friction, the jury was not bound to believe the drivers discovered the condition as soon as they should have discovered it in the exercise of due care.

Defendant argues plaintiff's Instruction No. 1 was erroneous for the reason it submitted general, not specific, negligence. Plaintiff made a *res ipsa loquitur* case and it was proper to submit general negligence. [Watts v. Moussette et ux., 85 S. W. (2d) 487, 492, and cases cited therein.]

Defendant contends the court erred in refusing its requested Instruction No. 6. This Instruction would have told the jury that if it found the trailer was destroyed by fire, and that the cause of the fire was unknown, then the verdict must be for the defendant. The instruction was properly refused for the reason defendant's lack of knowledge may have been due to the want of proper care. Moreover, the defense was submitted in defendant's Instructions 3 and 4 in a way most favorable to it.

There is no error in the record prejudicial to the defendant.

The order awarding a new trial is reversed and the cause remanded with direction to reinstate the verdict and render judgment thereon. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The order awarding a new trial is reversed and the cause remanded with direction to reinstate the verdict and render judgment thereon. All concur.