COOK

v.

SLOAN'S MOVING & STORAGE CO.

No. 28799.

St. Louis Court of Appeals.

Missouri.

April 20, 1954.

Rehearing Denied May 17, 1954.

Sievers, Reagan & Schwartz, St. Louis, for appellant.

Joseph C. Miller, St. Louis, for respondent.

WOLFE, Commissioner.

This is an action to recover the value of personal property belonging to the plaintiff. The property was destroyed while stored in the warehouse of the defendant. From a judgment in favor of the plaintiff the defendant prosecutes this appeal.

The petition of the plaintiff pleads that the plaintiff's property was destroyed through the negligence and carelessness of the defendant with no specification of the negligence charged.

The pertinent facts of the case are that the plaintiff stored some household and personal property with defendant warehouse company and the warehouse and the property stored in it were destroyed by fire.

The case was submitted by an instruction on the res ipsa loquitur doctrine, informing the jury that if the plaintiff's goods were destroyed while in the defendant's possession then such facts were sufficient to warrant a finding that the defendant was negligent.

■ This is the third of some very recent cases that have arisen out of two warehouse fires. The first of these is Gutknecht v. Wagner Bros. Moving & Storage Co., Mo.App., 266 S.W.2d 19, and the second is Fry v. Wagner Bros. Moving & Storage Company, Mo.App., 267 S.W.2d 359. The sole question before us in both the Gutknecht and Fry cases had to do with the application of the res ipsa loquitur doctrine to a situation where the plaintiff's property had been destroyed by fire in the warehouse of the defendant. The opinions deal at length with the subject and both hold that a fire of unknown origin does not give rise to the doctrine of res ipsa loquitur, following the cases of Kansas City Stock Yards Co. v. A. Reich & Sons, Mo.Sup., 250 S.W.2d 692; Kapros v. Pierce Oil Corp., 324 Mo. 992, 25 S.W.2d 777, 78 A.L.R. 722; and Hendricks v. Weaver, Mo.Sup., 183 S.W.2d 74.

It is further pointed out in the Gutknecht and Fry cases that the plaintiff in a negligence action is not aided by Section 406.090 RSMo 1949, V.A.M.S., which is a part of the Warehouse Receipt Act and has to do with a contract of bailment and not actions of negligence.

■ For the reasons stated, the court erred in submitting the case to the jury upon the res ipsa loquitur doctrine, and it is the recommendation of the Commissioner that the judgment be reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded.

ANDERSON, P. J., BENNICK, J., and HOLMAN, Special Judge, concur.