**D. R. KESSLER, d/b/a Anchor Litho Company (Plaintiff), Respondent,**

v.

**MAILING MACHINES, Inc., a Corporation (Defendant), Appellant.**

No. 29926.

St. Louis Court of Appeals.
Missouri.

June 14, 1958.

Sam Weber, St. Louis, for appellant.

Harry Gershenson, St. Louis, for respondent.

JAMES D. CLEMENS, Special Judge.

The parties are not wholly agreed as to whether this is a replevin action or a suit for damages for breach of contract to sell a printing press. The petition is for replevin of the press and damages for withholding it. The plaintiff's evidence covered only damages for breach of sales contract, but his instructions sounded in replevin. The jury so wrote its verdict that the ensuing judgment conforming thereto transformed the action to one for breach of contract, awarding plaintiff $1,900 damages and re-investing plaintiff with title to property and money, neither of which he claimed. Defendant appeals.

Plaintiff was a printer from Tampa, Florida, and defendant was a St. Louis dealer in printing presses. Plaintiff came to St. Louis on July 6, 1956, and bought from defendant a printing press, and supplemental equipment, for $1,100. Defendant agreed to accept a used press of plaintiff's in exchange and allow him $700 therefor, and plaintiff gave defendant a cashier's check for the $400 difference. A dispute as to how the old and new machines were to be exchanged is the crux of the case. The plaintiff says the defendant agreed to crate the new machine and ship it to Florida, and plaintiff was to use this same crate to return the old machine to St. Louis. The written memorandum signed by the parties set out the terms of the transaction, bore the notation "Received cashier's check $400 payment in full," and the description of the new machine was followed by the notations "Ship within one week" and "Acme Fast Frt. or Truck line." The memorandum said nothing as to how the old press was to be sent from Florida to St. Louis. The defendant testified: "We were supposed to have his machine on our floor before this '221' left—We were to receive the machine before we shipped." Plaintiff later phoned

defendant asking for delivery, and finally on August 24, 1956, defendant wrote plaintiff saying it was cancelling the order because it had no assurance plaintiff would return the old machine. With this letter defendant sent plaintiff a check for $250 saying it represented the plaintiff's $400 payment less $150 which defendant claimed plaintiff owed it upon another, older account. Plaintiff returned this $250 check to defendant.

■ The issue of whether defendant was first to ship the new machine was submitted to the jury both affirmatively by the plaintiff and conversely by defendant, and the jury's verdict in plaintiff's favor settles that issue on this appeal. Allen v. Kraus, 358 Mo. 520, 215 S.W.2d 739; Wells v. Asher, Mo.App., 286 S.W.2d 567.

With this statement of the facts as an indication of the nature of plaintiff's complaint against defendant, we pass now to the nature of the relief sought, and must look to the petition, plaintiff's evidence, his instructions, the verdict and judgment.

The petition is for replevin and damages for detention of the property. It alleges the sale of the new machine to plaintiff, payment by cash and trade-in, plaintiff's readiness to ship the old machine, defendant's refusal to deliver the new machine, defendant's retention thereof, and plaintiff's resultant business loss. Plaintiff prayed alternatively for possession of the new machine or its alleged $1,100 value, and for $2,500 damages arising from defendant's refusal to deliver. To be granted such relief would fully adjust the parties' rights, because defendant still had plaintiff's $400 and defendant would be entitled to possession of the old machine.

Plaintiff introduced evidence tending to show the contract, defendant's refusal to deliver, and his damages. There was further evidence that defendant had sold the new machine elsewhere in September, 1956, so the question of recovery of the new machine dropped out of the case. Neither party produced evidence of the value of the new machine, but the trial court asked defendant's witness about the value of the machine and was told it was $1,100.

Plaintiff submitted his case on two instructions. Instruction No. 1 hypothesized the elements of the sale and refusal to deliver, and told the jury that if they found plaintiff had sustained damages, their verdict should be for plaintiff. Instruction No. 2 told the jury that if they so found the issues for the plaintiff, "then you shall assess the value of said property and the damages for all injuries to the property and detention of the same, if you so find, and in so doing you may assess such damages as you shall find and believe from the evidence plaintiff has sustained directly and proximately as a result of such failure to deliver to plaintiff the said property, if any." The defendant did not instruct on damages.

Instead of plaintiff offering a form of verdict responsive to his instructions, the jury was given a form usually used in damage suits. The jury returned its verdict on this typewritten form with additions in handwriting. The verdict, with the handwritten portions in italics, reads:

"We, the jury in the above cause, find in favor of the Plaintiff on the issues herein joined and assess *plaintiff's* damages at the sum of *Nineteen Hundred & oo/100 Dollars*.

"John C. Diesen

_____

"Foreman.

*"And Plaintiff to keep Davidson Machine now in his possession and return check of $400.00 to Plaintiff."*

Thereupon the trial court entered a judgment which recited the trial proceedings and its decretal portion was as follows:

"Wherefore, it is considered and adjudged by the Court that the plaintiff have and recover of the defendant the sum of One Thousand Nine Hundred and no/100 Dollars, together with the

costs of this proceeding, and that execution issue therefor and plaintiff to keep Davidson Machine now in his possession and return check of Four Hundred and no/100 ($400.00) Dollars to plaintiff."

To summarize: By plaintiff's petition, he treated his action as one in replevin whereby he sought to recover his new machine, or its value, and damages arising from defendant's retention of the machine sold him. By plaintiff's evidence he sought only damages arising from defendant's failure to deliver. By plaintiff's instructions, he sought to recover for (1) the value of the new machine, (2) damages for injuries thereto and (3) for failure to deliver. Although plaintiff's evidence covered only the last item, and might be said to indicate merely an action for damages arising from breach of contract to sell and deliver, his petition and instructions were cast as an action possessing all the attributes of an action in replevin. As thus pleaded and submitted, there was a completed sale of the new machine, and a judgment in plaintiff's favor for value and damages would leave defendant as the owner of the old machine and of the $400 cashier's check. But the jury's verdict and the court's judgment were not responsive to the pleadings or the instructions, and attempted to retransfer to plaintiff the ownership of the old machine and the checks. Plaintiff did not attempt to amend his petition at any stage of the proceedings, nor did either party object to the form of the verdict or the judgment.

█ Upon this appeal we should and will limit our review to that sought by appellant in his motion for new trial and his brief.

█ The first point thus raised is that the trial court erred in permitting plaintiff to testify to anticipated profits because he failed to show he had any printing contracts from which he would have realized such profits. The defendant does not tell us where in the transcript we may find such

objections overruled. To satisfy our curiosity we have searched the transcript and find it shows only that plaintiff testified to printing business he was unable to perform and defendant made belated objections that such testimony was hearsay, immaterial and speculative. There is nothing preserved for review under these circumstances. 42 V.A.M.S. Supreme Court Rule 1.08, Sections (a)(3, 4), (c) and (d).

█ Defendant's other assignment is that the trial court erred in giving Instruction No. 2 because that instruction directed the jury to assess damages for injuries to the property although that element was neither pleaded nor proved, and that it directed a double recovery for both the value of the machinery and for injuries thereto. It is fundamental that a trial court should instruct only on issues made by the pleadings and supported by the evidence. Johnson v. Thompson, 241 Mo.App. 1008, 236 S.W.2d 1; Benham v. McCoy, Mo., 213 S.W.2d 914; Banta v. Union Pacific R. Co., 362 Mo. 421, 242 S.W.2d 34. The reason for this rule is particularly apparent where a measure of damage instruction authorizes recovery for elements of damage not in evidence. Stupp v. Fred J. Swaine Mfg. Co., Mo., 229 S.W.2d 681; State ex rel. Moore v. Morant, Mo.App., 266 S.W.2d 723. Plaintiff defends this instruction because it follows the language of Section 533.140, RS Mo 1949, V.A.M.S. This is without merit. The first sentence of that section is based on a situation where defendant has possession of the property at the time of trial, and provides for an assessment of the value of the property, damages for injuries thereto and damages for detention. The second sentence of the statute contemplates the type of replevin where defendant does not have possession of the property (as here), and makes no provision for injuries to the property. So, if plaintiff is to recover the value of his property, it would be allowing a double recovery to permit him to recover for injuries thereto. Therefore the instruction is also erroneous on that ground. Murphy v. St. Louis Public Service Co.,

362 Mo. 772, 244 S.W.2d 31; Alexander v. Kansas City Public Service Co., Mo.App., 268 S.W.2d 451.

We hold that the giving of Instruction No. 2 was prejudicially erroneous, and that the cause should be reversed and remanded. It is so ordered.

RUDDY, P. J., and LYON ANDERSON, Judge, concur.