**CUSTOM CRAFT TILE, INC., Appellant,**

v.

**ENGINEERED LUBRICANTS CO., Respondent.**

**No. 44907.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 6, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 17, 1984.

Application to Transfer Denied March 20, 1984.

David G. Dempsey, Shifrin, Treiman, Barken, Dempsey & Ulrich, St. Louis, for appellant.

Gary P. Paul, Brinker, Doyen & Kovacs, Clayton, for respondent.

CRIST, Presiding Judge.

On the night of July 9, 1976, a stack of wooden pallets stored behind defendant's business caught fire. The origin of the fire remains unknown. The fire spread from the pallets to a wooden loading dock door directly overhead and eventually ignited substantial quantities of highly flammable solvents, cutting oils, lubricating oils and aerosol cans used in defendant's business. Plaintiff brought an action against defendant for the damages sustained to its adjacent premises. Plaintiff claimed defendant was negligent in maintaining the stack of wooden pallets outside its premises: (1) directly beneath a wooden door lacking a fire rating, (2) exposed to various sources of ignition, and (3) in close proximity to the dangerous combustibles stored inside. Nine members of the jury agreed with plaintiff and awarded $69,590.41 in damages. The trial court granted defendant judgment notwithstanding the verdict. We reverse with instructions to enter judgment on the jury's verdict.

The possessor of property must use and maintain it in such manner as not to create an unreasonable risk of harm to others. W. Prosser, The Law of Torts, § 57 (1971); Restatement (Second) of Torts, § 364 (1965). Absent statutory provisions, the liability of one on whose property an accidental fire originates is predicated upon negligence in either causing the fire or in causing its spread to the property of others. *Capra v. Phillips Investment Co.*, 302 S.W.2d 924, 928 (Mo.banc 1957) and cases cited therein. See also, Annot., "Liability of One on Whose Property Accidental Fire Originates for Damages from the Spread Thereof," 18 A.L.R.2d 1081 (1951).

The common law imposes a duty upon those controlling dangerous materials to exercise that degree of care commensurate with the risk of danger inherent in the material involved. *Carlo v. Okonite-Callender* Cable Co., 3 N.J. 253, 69 A.2d 734, 739 (1949). See also *Cameron v. Small*, 182 S.W.2d 565 (Mo.1944); *Menth v. Breeze Corp.*, 4 N.J. 428, 73 A.2d 183 (1950). A defendant may be held liable for the spread of fire caused by the premises being maintained in a negligent condition. *Reid & Sibell v. Gilmore & Edwards Co.*, 134 Cal. App.2d 60, 285 P.2d 364 (1955). Defendant's duty in the present case was not only to use reasonable care in preventing the outbreak of fire but to guard against fire threatening the flammable contents of its building. *Atmore Truckers Assoc. v. Westchester Fire Insurance Co.*, 218 F.2d 461 (5th Cir.1955). "The question of reasonable care is to be determined from all the circumstances and is affected by the character or kind of property stored (here highly flammable property); its environs, such as

its proximity to elements or agencies which might subject it to injury or destruction." *Aircraft Sales & Service v. Bramlett,* 49 So.2d 144, 148 (Ala.1950), quoted in *Atmore Truckers Assoc., id.* at 464.

The danger of fire reaching defendant's warehouse was obvious. Defendant possessed actual knowledge of the volatile propensities of the substantial quantity of combustible materials it stored in its business. In charge of such dangerous instrumentalities, defendant was obligated to take reasonable precautions to safeguard them from the threat of fire. One such precaution is to avoid the accumulation of combustible materials in or around the premises. See *Atmore Truckers Assoc., supra.*

As stated above, the determination of negligence is based on the attending facts and circumstances. Defendant's building was constructed of masonry, a material not conducive to the penetration of fire. The loading dock door, however, was of simple wooden construction lacking a fire rating. Thus, if fire were to enter the warehouse it was reasonably foreseeable it would be through the loading dock door.

Stacked immediately against the loading dock door were used, weathered pallets. Such pallets present a greater fire hazard than ordinary stacked lumber because their construction causes a "flue-like" effect to vent the flames. The pallets, if ignited, were capable of generating intense heat more than sufficient to burn through the unrated wooden door. Thus it was reasonably foreseeable a fire outside defendant's business would be readily communicated from the pallets through the door, setting off a tremendous conflagration with the materials stored inside.

At trial, a sharp conflict in testimony existed as to the frequency of defendant's use of the pallets stored under the door. Plaintiff presented evidence the stack of pallets seemed rarely disturbed. Defendant produced evidence its employees used pallets from the stack several times each week. In any event, the record shows it was feasible for defendant to stack the pallets away from the building. One expert testified the fire would not have spread from the pallets to the building if they had been stacked as few as fifteen feet away. Good fire prevention safety measures would indicate storage up to fifty feet away from the building. Furthermore, although plaintiff chose not to submit its case on the basis of negligence per se, there was testimony the pallets stacked immediately against the building constituted a probable fire code violation.

Based on this evidence, we find plaintiff established an issue for the jury to determine whether defendant's use and maintenance of its property amounted to a lack of ordinary care in guarding against the risk of fire reaching its stored flammables and thereafter spreading to adjacent property.

Defendant argues strenuously, and the trial court apparently agreed, the unknown origin of the fire absolves it from liability. It claims the ignition of the pallets, by whatever source, was unforeseeable; therefore, it was under no duty to store its pallets away from the building. We disagree.

The negligence for which defendant was held liable was not in allowing the pallets to be ignited but in storing them in such a manner that if they became ignited, the fire would reach the highly combustible materials stored in the warehouse. The probability of serious harm arising from fire reaching the pallets and then igniting the materials stored inside was sufficiently high that it became a jury question as to whether reasonable persons would take precautions, such as storing the pallets elsewhere, to avoid the threat of fire. As recognized by defendant in its brief, the owner of property is not liable for the spread of a fire accidentally started by the act of a stranger or by some other cause over which the owner has no control, *unless the owner is guilty of some negligence in respect to the condition of its premises.* Annot., *supra,* 18 A.L.R.2d at 1093 (emphasis added). In the

present case there was sufficient evidence to submit to the jury defendant's liability based on the above stated exception to the general rule.

Defendant questions the adequacy of plaintiff's verdict directing instruction. Defendant raises this point in support of the trial court's alternate ruling that defendant should be granted a new trial if the judgment notwithstanding the verdict is reversed by this court. Rule 72.01.

The instruction required the jury to find:

First, the defendant stored combustible materials inside its premises and stored wooden pallets outside its premises near an overhead wooden door, and

Second, such condition exposed Plaintiff's premises to a danger of fire, and

Third, defendant knew or should have known of such danger, and

Fourth, defendant was thereby negligent, and

Fifth, as a direct result of such negligence, Plaintiff sustained damage.

The term 'negligent' or 'negligence' as used in this instruction means the failure to use ordinary care. The phrase 'ordinary care' means that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances.

Defendant's attacks on the instruction based on the unforeseeability of ignition to the pallets have been discussed and ruled against defendant above.

■ The instruction correctly submitted to the jury the question of whether the premises were negligently maintained by reason of the pallets being stacked near the unrated wooden door, exposing the combustibles inside to the danger of fire. Defendant claims the instruction should have submitted the condition of the premises created an "unreasonable risk" of fire. We hold that if a defendant negligently maintains his property so as to expose a plaintiff's property to a danger of fire, the defendant has created an unreasonable risk of harm to others. Exposing others to a danger of fire is itself an unreasonable risk.

■ Defendant also takes issue with the instruction's failure to define "combustible materials" in the first paragraph. We find from the evidence presented regarding the contents of defendant's business the jury would have no difficulty understanding the terms used. The solvents, oils, and aerosol cans were all subject to ready ignition when confronted by flames, albeit at slightly different "flashpoints." Although there was testimony as to various classes of "combustible liquids" created by fire codes, the evidence was uncontroverted that defendant stored large quantities of highly flammable materials on its premises. Given this evidence at trial, we see no need for the term "combustible material" to be defined for the jury.

The order of the trial court granting defendant judgment notwithstanding the verdict is reversed. The trial court's conditional grant of a new trial is set aside and the case is remanded with instructions to enter judgment on the jury's verdict.

PUDLOWSKI and SIMON, JJ., concur.