Ronald SHERRELL and Sarah
Sherrell, Respondents,

v.

Brandy BROWN, Appellant.

No. ED 91319.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 3, 2009.

Russell F. Watters, Irene J. Marusic, St. Louis, MO, for Appellant.

William P. Nacy, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Defendant, Brandy Brown, appeals from the judgment in favor of Plaintiffs, Ronald Sherrell and Sarah Sherrell, on their claim for negligence in the amount of $9,015. Defendant contends the trial court erred in entering a judgment for Plaintiffs because they did not make a submissible case of negligence or a submissible case on damages. We find Plaintiffs did not make a submissible case of negligence and reverse the judgment accordingly.

Defendant moved into a mobile home in 2005. In April 2006, she decided to sell the mobile home and retained the services of a real estate agent. Defendant moved out of the home on May 8, 2006, leaving the home vacant. On May 17, 2006, Defendant's home caught fire. At the time of the fire, Defendant resided in Russellville, Missouri. On the day of the fire, she was visiting Oklahoma. Defendant had returned to the home approximately a week and a half before the fire, but had only entered the garage.

Plaintiffs owned a service station adjacent to Defendant's home. When Defendant's home caught fire, the fire spread from Defendant's property onto Plaintiffs' property, damaging Plaintiffs' real and personal property. Thereafter, Plaintiffs filed a negligence action against Defendant. Plaintiffs claimed damage to personal property, including a gas pricing sign and a beer sign, and real property, including the station's roof, two windows, and gable.

The evidence at trial showed the fire's origin was Defendant's home, but fire investigation expert, Kevin Dunkin, was unable to determine where the fire originated within the home. Due to the extent of the fire damage, Dunkin was unable to determine the cause or to rule out other potential causes including arson, electrical malfunction, lightning strike, or other acts of nature. Defendant also testified she did not know how the fire started. Further, Plaintiff Ronald Sherrell testified he had no knowledge as to how the fire occurred and did not see anything on Defendant's property that gave him concern of a fire risk. Defendant filed motions for directed verdict both at the close of Plaintiffs' evidence and at the close of all the evidence. Those motions were denied.

Following the bench trial, the trial court noted there was no known cause for the fire. The trial court also noted that Defendant had not been to the property in over ten days and on her last visit she only went into the garage area of the mobile home. Thus, the trial court found Defendant was negligent for failing to properly monitor the home and to periodically check the home, and that her negligence was the fire's direct and proximate cause. The trial court determined the Plaintiffs' damages totaled $9,015, which included $3,390 for replacing the gas pricing sign, $250 for replacing the beer sign, $4,400 for replacing the roof, $500 for replacing the windows, and $475 for replacing the gable. Defendant now appeals.

In a court-tried case, appellate review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Weaks v. Rupp*, 966 S.W.2d 387, 391 (Mo.App. W.D. 1998). The appellate court must uphold the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or the trial court erroneously declared or applied

the law. *Murphy,* 536 S.W.2d at 32. In applying this standard, we give the prevailing party the benefit of all favorable evidence and reasonable inferences to be drawn therefrom, disregarding all evidence to the contrary. *Weaks,* 966 S.W.2d at 392.

■ In her first point, Defendant asserts the trial court erred in entering a judgment for Plaintiffs because they did not make a submissible case of negligence. Defendant argues there was no evidence of the fire's cause or of any specific act of negligence on Defendant's part that was or could have been the fire's proximate cause. We agree.

■ The possessor of property must use and maintain the property in such a manner as not to create an unreasonable risk of harm to others. *Custom Craft Tile, Inc. v. Engineered Lubricants Co.,* 664 S.W.2d 556, 558 (Mo.App. E.D.1983)(finding there was sufficient evidence to submit a negligence case to the jury where an expert testified that the fire would not have spread from the wooden pallets stored next to the building that contained highly combustible materials resulting in the spread of the fire to adjacent property had they been stacked fifteen feet away from the building). The liability of one on whose property an accidental fire originates is predicated upon negligence in either causing the fire or in causing its spread to the property of others. *Id.* Thus, a defendant may be held liable for the spread of fire caused by the premises being maintained in a negligent condition. *Id.* The owner of property is not liable for the spread of a fire accidentally started by the act of a stranger or by some other cause over which the owner has no control, unless the owner is guilty of some negligence in respect to the condition of its premises. *Id.* at 559.

■■ The cause of a fire is frequently unknown and it is possible for a fire to occur under circumstances where appropriate care has been exercised. *Fry v. Wagner Bros. Moving & Storage Co.,* 267 S.W.2d 359, 361 (Mo.App.1954). The mere occurrence of a fire does not raise a presumption of negligence or a presumption as to the cause of the fire. *Sparks v. Platte–Clay Elec. Co-op., Inc.,* 861 S.W.2d 604, 606 (Mo.App. W.D.1993), *citing Craddock v. Greenberg Mercantile,* 297 S.W.2d 541, 547 (Mo.1957). In establishing a submissible case on the issue of negligence, the plaintiffs must prove by substantial evidence that (1) there was negligence, and (2) such negligence caused the fire. *Sparks,* 861 S.W.2d at 606 (holding the plaintiffs made a submissible case of negligence in servicing an electric meter through evidence that electric company was the only entity with access to the meter, they serviced the meter on the plaintiffs' home and plaintiffs began experiencing electrical problems after the service). "There must always be substantial evidence that the thing which actually occurred, foreseen or not, resulted from, or was at least contributed to by, the act or acts of defendant." *Craddock,* 297 S.W.2d at 547.

As stated above, we will view evidence and permissible inferences in the light most favorable to the plaintiff, disregard contrary evidence and inferences and determine whether, on evidence so viewed, plaintiff made a submissible case. *Judy v. Arkansas Log Homes, Inc.,* 923 S.W.2d 409, 418 (Mo.App. W.D.1996). To make a submissible case, Plaintiffs were required to elicit substantial, probative evidence or reasonably drawn inferences from the evidence that Defendant was negligent and her negligence caused the fire. *Sparks,* 861 S.W.2d at 606; *see also Bridgeforth v. Proffitt,* 490 S.W.2d 416, 422–23 (Mo.App.1973)(holding plaintiffs made a

submissible case of negligence where there was evidence that defendants had set a trash fire that spread to adjacent property). In a fire case, "the showing of circumstances must be such as indicates to reasonable minds the cause and source of the fire, not leaving it to mere conjecture or speculation, and must be sufficiently strong and complete to reasonably eliminate the 'probability' of any other source or cause." *Id.* at 423. Thus, Plaintiffs must have removed the case from the realm of conjecture. *Bridgeforth*, 490 S.W.2d at 422–23. After reviewing the evidence in the light most favorable to Plaintiffs, we conclude Plaintiffs failed to meet their burden.

Here, there was no evidence as to the cause of the fire. Defendant's expert, Dunkin, Plaintiff Ronald Sherrell, and Defendant all testified that they did not know what caused the fire. Dunkin could not rule out an act of arson by another person, electrical malfunction, lightning strike, or other act of nature as potential causes of the fire. There was no evidence that Defendant's negligence caused the fire. Furthermore, there was no evidence that Defendant maintained her premises in a negligent manner that caused the spread of the fire to the adjacent property. Plaintiff Ronald Sherrell in fact testified he did not see anything on Defendant's property that gave him concern of a fire risk. There was no evidence indicating that Defendant kept her home in an unsafe or dangerous condition which caused or contributed to cause the fire or its spread. In addition, there was no evidence regarding whether any monitoring or checking of the home by Defendant would have averted or prevented the fire.

Plaintiffs assert they were not required to allege and prove a particular cause of the fire where the relevant facts were peculiarly within Defendant's knowledge.

We do not agree with Plaintiffs' assertion. There must be some evidence regarding negligence on the part of a defendant where negligence is pleaded. Here, there was no evidence that any negligence on the part of Defendant caused the fire or the spread of the fire. The mere fact that a fire occurred on Defendant's property without more evidence is insufficient to sustain Plaintiffs' negligence action. *Sparks,* 861 S.W.2d at 606; *Bridgeforth,* 490 S.W.2d at 422. Plaintiffs failed to make a submissible case of negligence. The trial court erred in entering judgment in favor of Defendants. Defendant's first point is granted.

Because Plaintiffs failed to make a submissible case of negligence and therefore we must reverse the judgment, we need not address Defendant's second point regarding damages.

The judgment is reversed.

CLIFFORD H. AHRENS, J. and SHERRI B. SULLIVAN, J., concur.